UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARK TIMEJARDINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:19-CV-493-PPS-JEM |
| | ) |
| RED LOBSTER, LLC, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Defendant Red Lobster Restaurants LLC filed a motion to dismiss and compel arbitration in this case. [DE 5.] Following pro se Plaintiff Mark Timejardine's three requests for extensions of time which were all granted, Timejardine's response was due on December 21, 2020. To date, no response has been filed. Therefore, the motion to dismiss and to compel arbitration is unopposed.

Red Lobster sets out in its motion that Timejardine was employed by Red Lobster from April 2, 1990 until July 19, 2018. [DE 5-1 at 1.] He became the General Manager of a Red Lobster in Munster, Indiana. [*Id.*] All Red Lobster employees, including Timejardine, enter into a binding Dispute Resolution Policy as a condition of employment. [DE 5-2 at 2-3.] The agreement provides that all employment-related claims must be submitted to binding arbitration. [*Id.* at 7.] Specifically, the agreement states that "[i]f an eligible legal dispute is not resolved through mediation or otherwise and a party seeks final and binding resolution of that dispute, that party must demand

arbitration." [ DE 5-2 at 12.]  Moreover, the agreement specifies that the Federal Arbitration Act ("FAA") is the governing law.  [*Id.*]

Despite having agreed to resolve disputes by arbitration, Timejardine filed the complaint in this case alleging violations of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Americans with Disabilities Act of 1990, and an Indiana common law claim for defamation of character.  [DE 1.]  All of these claims relate to, or arise out of Timejardine's employment with Red Lobster as he alleges improper termination.

The Supreme Court has held that the FAA applies to employment agreements.  *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001).  The plain language of the FAA regards arbitration agreements as "valid, irrevocable, and enforceable," and the Supreme Court requires that courts "rigorously enforce agreements to arbitrate."  9 U.S.C. § 2; *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985).  "[T]he FAA 'is a congressional declaration of a liberal federal policy favoring arbitration agreements' and ' . . . questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration agreements.'"  *Continental Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 730-31 (7th Cir. 2005) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).  "[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25.

"[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000). Courts must order arbitration of claims "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986). "In the absence of any express provision excluding a particular grievance from arbitration . . . only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *Id.* (quotation omitted). In this case, because Timejardine has not even filed a response, he has not come close to satisfying this heavy burden.

To compel arbitration under the FAA, "a party need only show: (1) an agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) a refusal by the opposing party to proceed to arbitration." *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 466 F.3d 577, 580 (7th Cir. 2006). All three elements are met in this case. First, Timejardine entered into a valid agreement when he electronically signed the Dispute Resolution Process Acknowledgment, acknowledging he received and reviewed the dispute resolution process, and agreed to be bound by it. [DE 5-2 at 3, 23.] Second, Timejardine's claims of discrimination and unlawful termination are covered by the agreement as they all relate to his employment. And third, despite Red Lobster's filing of the motion to dismiss and attaching the Dispute Resolution Process agreement as an exhibit, Timejardine has not withdrawn or dismissed his complaint.

The last thing for me to decide is the proper remedy in this case. The Northern District of Indiana has held in cases "where all the issues raised in the district court must be submitted to arbitration, the clear weight of authority supports dismissal of the case." *DeGroff v. MascoTech Forming Tech. – Fort Wayne, Inc.*, 179 F.Supp.2d 896, 913 n.20 (N.D. Ind. 2001) (dismissing action and compelling arbitration); *Versmesse v. AT&T Mobility LLC*, No. 3:13-cv-171, 2014 WL 856447, at *6-7 (N.D. Ind. Mar. 4, 2014) (dismissing case where all claims are subject to arbitration).

For the foregoing reasons, Red Lobster's motion to dismiss and compel arbitration in this case [DE 5] is GRANTED. This action is DISMISSED WITHOUT PREJUDICE and the parties are ordered to proceed to arbitration pursuant to Red Lobster's Dispute Resolution Policy.

SO ORDERED.

ENTERED: December 30, 2020.

>  /s/   Philip P. Simon
> PHILIP P. SIMON, JUDGE
> UNITED STATES DISTRICT COURT